I'eeeMAN, J.,
delivered the opinion of the court:
This is an indictment against an overseer of the road, for failure to keep' the same in condition required by law, alleging that it was obstructed by trees and stumps, etc.; was not properly mile marked and indexed; not provided with foot-logs or bridges or causeways. It was quashed in the court below, on the ground that in one count several different offenses were charged. This was done on the authority, we assume, of Greenlow v. The State, 4 Hum., 26. That case so held, because, by the act of 1804 [ch. 1, sec. 9], overseers were indictable for failure to keep roads in repair, and no punishment affixed, so that they were simply punishable as in other cases of misdemeanor; while [by] the act of 1819 [ch. 26, sec. 5], a specific penalty of five dollars is prescribed for failure to mile mark and set up posts on the road. The offenses being punishable differently, it was held they could not be joined in one count. But in The State v. Jopling, 10 Hum., 418, the court held that a charge of failure to mile mark, and also to put up pointers at forks of the road, was not subject to objection, the penalty being the same, and add, “We see. no reason for two' presentments on such a case,” distinguishing it from the first case cited by the fact of the punishment being different in the one case, and the same in the other. By the Code, the clause of act of 1819, fixing the penalty at five dollars, is left out. So that all the cases referred to in this indictment are merely indictable and punishable alike, as misdemeanors, and we do not see, as said in 10 Hum., the necessity for four indictments. • The gravamen is failing to perform duty required by law as overseer, and the allegations contain but specifications of particular items *503 of neglect. It can certainly be of no advantage to defendant to be indicted four times instead of once.
For these reasons, we reverse the case, and remand for further proceedings.